IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2011

## STATE OF TENNESSEE v. LISA JOYCE TYLER

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-01-0517     J. Weber McCraw, Judge**

**No. W2010-01229-CCA-R3-CD  - Filed March 23, 2011**

The defendant, Lisa Joyce Tyler, appeals the trial court's revocation of her probation.  On appeal, she argues that the non-payment of her restitution was not willful but, instead, due to her inability to pay.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); Gary Antrican, District Public Defender; and Shana Johnson, Assistant Public Defender (at trial), for the appellant, Lisa Joyce Tyler.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In October 2007, the defendant pled guilty to theft of property from Bolivar Ford-Mercury valued between $10,000 and $60,000 in exchange for an agreed-upon sentence of four years in the Department of Correction, with all but thirty-one days suspended to probation.  She was also ordered to pay restitution in the amount of $12,500 at the agreed rate of $285 a month.  A probation violation warrant was filed on October 29, 2008, alleging that the defendant had not made restitution payments, had not submitted a DNA sample, and had attempted to commit suicide.  On December 1, 2008, the defendant admitted the alleged

violations, and her probation was extended for two more years and her restitution payments were modified to an agreed rate of $185 a month. Thereafter, on March 2, 2010, a second probation violation warrant was issued, alleging the defendant had failed to make any payments toward restitution. The court held a hearing, after which it revoked the defendant's probation and ordered that she serve the balance of her sentence.

At the revocation hearing, the defendant stipulated to her non-payment of restitution and admitted that it was her second violation for non-payment. The defendant testified that she had originally agreed to pay $285 a month. However, she only receives $674 a month in social security benefits and has to pay $425 in monthly rent. She is also responsible for her utility bill, which averages $150 a month. The defendant said that she does not have to pay for groceries out of her monthly income because she receives food stamps, and she owns a 1992 Ford Taurus automobile. The defendant testified that she did not begin receiving social security benefits until after she pled guilty in this case and explained that she receives the benefits because she has mental health issues.

The defendant testified that she was not able to pay the original agreed-upon $285 a month in restitution. The court observed that the restitution was modified to an agreed-upon $185 a month after a previous probation violation, but the defendant said that she had not been able to pay that amount either. The defendant stated that she was not able to work because of her mental health issues, for which she takes medication and sees a counselor. The defendant said that she was not willfully failing to pay restitution and that she would consistently be able to pay $120 a month. At the time of the second revocation hearing, the defendant was under a doctor's care for a recent surgery.

On cross-examination, the defendant testified that she had "paid consistently for a year because [the amount owed] was thirteen." She admitted that the amount she currently owed indicated that she had only paid $300[1] toward her restitution in three years and explained that she "do[es] the best [she] can do." The defendant acknowledged that even after her restitution was lowered to $185 a month, she did not have the money to pay toward it on one occasion.

On questioning by the court, the defendant clarified that she had been receiving social security benefits prior to the offense. However, she lost them when she was incarcerated but started receiving them again when she was released. The defendant explained that she thought she would be able to pay $120 a month because her rent payment had been reduced to facilitate her being able to make restitution. Asked why she had not been making

_____

[1] Defense counsel later informed the court that the clerk's office showed that the defendant had paid a total of $743.50.

payments of $120 up until that point if she felt that she could pay that amount going forward, the defendant said, "I don't know."

## ANALYSIS

The defendant argues that the trial court erred in revoking her probation because she did not willfully violate the terms of her probation; instead, her failure to comply was based on her inability to do so.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311. When the defendant's violation of probation is based on failure to pay restitution or fines, the trial court must determine the reasons behind the failure to pay. State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986). If the court finds the nonpayment results from either the defendant's willful refusal to pay or failure to make bona fide efforts to obtain the means to pay, the defendant's probation may be revoked. Id.

The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

In revoking the defendant's probation, the trial court observed that the defendant had previously agreed to pay two other monthly amounts and should have been mindful of her income limitations before saying she could pay those amounts. The court surmised that it did not know how it could have been more reasonable in determining a fair amount other than how it did by asking the defendant to agree to an amount. The court noted that even though the defendant now said she could pay $120 a month, she had yet to make payments in that amount toward her restitution. The court found that the defendant had the ability to pay some amount of restitution but had willfully failed to do so, thus violating the terms and conditions of her probation.

The record shows that over a two-and-a-half-year period, the defendant paid an extremely minimal amount toward her restitution, and this was her second probation violation for failure to pay. After the first violation, the court lowered the monthly amount to an amount the defendant claimed she could pay, yet the defendant failed to pay that amount even once. Although the defendant claimed that she was now able to pay $120 a month, she had never made that level of payment up to that point. Given this evidence, we cannot conclude that the trial court abused its discretion in finding that the defendant's failure to pay restitution was willful.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the trial court's revocation of the defendant's probation.

_____
ALAN E. GLENN, JUDGE